Opinion issued August 12, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00297-CR

NO.
01-09-00298-CR

NO.
01-09-00299-CR

———————————

ANTHONY M. BARRIOS, Appellant

V.

THE STATE OF TEXAS, Appellee



 



 

On
Appeal from the 25th District Court 

Colorado
County, Texas



Trial
Court Case Nos. 08-080, 08-110, and 08-111

 



 

MEMORANDUM OPINION

Appellant, Anthony
M. Barrios, pleaded no contest, and the trial court, pursuant to a plea
agreement, assessed punishment at 18 months’ confinement for the offense of
evading arrest, 18 months’ confinement for the offense of possession of marihuana,
and at 20 years’ confinement for the offense of possession with intent to
deliver a controlled substance, group one. See
Tex. Penal Code Ann. § 38.04 (Vernon 2003); Tex. Health
& Safety Code Ann.
§§ 481.112(d), 481.121(b)(3) (Vernon 1993). The trial court certified
appellant’s right to appeal its rulings on appellant’s pretrial motions. 

Appellant’s court-appointed counsel
has filed an Anders brief in which he
states that there are no arguable grounds to support an appeal. See Anders v. California, 386 U.S. 738,
744, 87 S. Ct. 1396, 1400 (1967). Appellant has filed a pro se response to his
counsel’s Anders brief in which he
asserts (1) that the trial court erred in denying his motion to suppress the
DVD of the arrest; and (2) that the trial court erred in denying his motion for
continuance to investigate the DVD.

We affirm the judgment and grant
appellant’s counsel’s motion to withdraw.

ANDERS PROCEDURE

When we receive an Anders brief from a defendant’s
court-appointed attorney asserting no arguable grounds for appeal exist, we
must determine that issue independently by conducting our own review of the
entire record. Anders, 386 U.S. at
744, 87 S. Ct. at 1400 (emphasizing that reviewing court and not counsel determines,
after full examination of proceedings, whether case is “wholly frivolous”); Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991). In conducting our review, we consider any pro se
response that the defendant files to his appointed counsel’s Anders brief. See Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005).

Our role in this Anders appeal is limited to determining
whether arguable grounds for appeal exist. See
id. at 827. If we determine that arguable grounds for appeal exist, we must
abate the appeal and remand the case to the trial court to allow the
court-appointed attorney to withdraw. See
id. The trial court must then either appoint another attorney to present
all arguable grounds for appeal or, if the defendant wishes, allow the
defendant to proceed pro se. See id.
We do not rule on the ultimate merits of the issues raised by appellant in his
pro se response. See id. If we
determine that there are arguable grounds for appeal, appellant is entitled to
have new counsel address the merits of the issues raised. See id. “Only after the issues have been briefed by new counsel may
[we] address the merits of the issues raised.” Id.

If, on the other hand, we
determine, from our independent review of the entire record, that an appeal is
wholly frivolous, we may affirm the trial court’s judgment by issuing an
opinion in which we explain that we have reviewed the record and have found no
reversible error. See id. at 826-27. Although
we may issue an opinion explaining why the appeal lacks arguable merit, we are
not required to do so. See Garner v. State, 300 S.W.3d 763, 767
(Tex. Crim. App. 2009). An appellant may challenge a holding that there are no
arguable grounds for appeal by filing a petition for discretionary review in
the Court of Criminal Appeals. See
Bledsoe, 178 S.W.3d at 827 & n.6.

ANALYSIS

In this case, the brief filed by
appellant’s counsel meets the minimum Anders
requirements by presenting a professional evaluation of the record and stating
why there are no arguable grounds for reversal on appeal. See Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).
Appellant’s counsel indicates that he has thoroughly reviewed the record. Based
on this review, counsel states that he “could find no reversible error and has
concluded this appeal is frivolous and without merit.” See Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Mitchell v. State, 193 S.W.3d 153, 154 (Tex.
App.—Houston [1st Dist.] 2006, no
pet.). In his Anders brief, counsel
discusses the pre-trial proceedings, supplies us with references to the record,
and provides us with citation to legal authorities. Cf. High v. State, 573 S.W.2d 807, 811 (Tex. Crim. App. 1978)
(explaining the necessary work product of an effective advocate in the
appellate process). The brief also reflects that counsel delivered a copy of
the brief to appellant and informed him of his right to file a response, which appellant
has done. See Stafford, 813 S.W.2d at
510.

We have reviewed counsel’s brief
and appellant’s pro se response, and we have conducted an independent
examination of the record. See Anders,
386 U.S. at 744, 97 S. Ct. at 1400; Bledsoe,
178 S.W.2d 826-27; Mitchell, 193
S.W.3d at 155. Based on this review, we conclude that no reversible error
exists in the record and that the appeal is wholly frivolous.

CONCLUSION

We affirm the judgment of the trial
court and grant appointed counsel’s motion to withdraw.[1]  We deny all pending motions.

PER
CURIAM

                                                 

 

Panel
consists of Chief Justice Radack and Justices Bland and Sharp.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
          Appointed counsel still has a duty to inform appellant
of the result of these appeals and that he may, on his own, pursue
discretionary review in the Texas Court of Criminal Appeals.  See Bledsoe v. State, 178 S.W.3d 824,
826-27 (Tex. Crim. App. 2005).